**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| STEVE CUNNINGHAM<br>1331 East Lincoln Highway, #128<br>Levittown, PA 19056<br><br>       Plaintiff,<br><br>    v.<br><br>COMMUNITY OPTIONS, INC.<br>16 Farber Road<br>Princeton, NJ 08540<br><br>       Defendant. | CIVIL ACTION<br><br>No. _____<br><br><br><br>**JURY TRIAL DEMANDED** |

## CIVIL ACTION COMPLAINT

Plaintiff, Steve Cunningham, (hereinafter referred to as "Plaintiff"), by and through his undersigned counsel, hereby avers as follows:

### I. Introduction

1. Plaintiff has initiated this action against Community Options, Inc. (hereinafter, "Defendant") for violations of Title VII of the Civil Rights Act of 1964 ("Title VII" - 42 U.S.C. §§ 2000a *et. seq.*), the Americans with Disabilities Act ("ADA" – 42 U.S.C. §§ 12101 *et. seq.*), 42 U.S.C. § 1981, and the New Jersey Law Against Discrimination ("NJ LAD"). In sum, Plaintiff alleges herein he was unlawfully terminated form his employment with Defendant. As a direct consequence of Defendant's unlawful actions, Plaintiff seeks damages as set forth herein.

### II. Jurisdiction and Venue

2. This action is initiated pursuant to numerous federal laws. This Court may properly maintain personal jurisdiction over Defendant because Defendant's contacts with this State and this judicial district are sufficient for the exercise of jurisdiction over Defendant to

comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in International Shoe Co. v. Washington, 326 U.S. 310 (1945) and its progeny.

3. The United States District Court for the District of New Jersey has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because the claims arise under laws of the United States. There would alternatively remain complete diversity jurisdiction pursuant to § 1332 in light of the Parties being citizens, domiciliaries and residents of different states and Plaintiff seeking in excess of $75,000.00 exclusive of costs and interest. This Court has supplemental jurisdiction over Plaintiff's state-law claim(s) because such claim(s) arise out of the same common nucleus of operative facts as her federal claims asserted herein.

4. Venue is properly laid in this District pursuant to 28 U.S.C. sections 1391(b)(1) and (b)(2), because Defendants reside in and/or conduct business in this judicial district and because a substantial part of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

### III.   Parties

5. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

6. Plaintiff is an adult with an address as set forth above.

7. Community Options, Inc. ("Defendant") is a nationally-based non-profit IRS 501(c)(3) certified organization incorporated in and headquartered in New Jersey. Defendant provides support and services for disabled individuals with intellectual disabilities, developmental disabilities, and other physical and/or mental health conditions (operating in at least 10 states).

8. At all times relevant herein, Defendant acted by and through its agents, servants, and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for the benefit of Defendant.

### IV.     Factual Background

9. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

10. Plaintiff is a black, Jamaican male.

11. Plaintiff was hired by Defendant effective on or about October 28, 2019; and in total, Plaintiff was employed with Defendant for approximately 11 months (until on or about September 30, 2020 when involuntarily terminated).

12. Plaintiff physically worked for Defendant as a full-time Staff Accountant, and he was deemed based in Defendant's Princeton, New Jersey location (Defendant's headquarters).

13. At all relevant times underlying this lawsuit, Plaintiff's management hierarchy included: Shelil Glanton (Assistant Controller); Belgica Cedeno (Controller); Caroline Joyce (Vice President of Accounting and Procurement); and David Sweeney (Chief Financial Officer – CFO).

14. At any given time, Plaintiff was 1 of approximately 7 Staff Accountants performing the same or similar role(s).

15. On or about August 22, 2020, Plaintiff was involved in a motor-vehicle accident ("MVA") where he suffered significant injuries. Plaintiff suffered head, back, and other injuries that required medical treatment and a medical leave (discussed more at length i*nfra*).

16. However, shortly before Plaintiff's August 22, 2020 MVA, he felt <u>very</u> discriminated against on account of his race, ancestry and overall ethnicity. As a result, he vocalized such concerns to Defendant's management. In particular and by way of specificity:

(A) Mid-2020 was quite notably the peak of the COVID-19 pandemic;

(B) Most businesses were universally permitting <u>all</u> employees to work from home, to telecommute and to overall be remote (where such job duties permitted);

(C) Plaintiff was able to perform 100% of his job remotely without any issues or concerns whatsoever;

(D) Only Plaintiff (a black Jamaican) and another employee (a black African) were being required to work in-person physically within the office while non-black Staff Accountants were permitted to work remotely (on a rotating schedule or otherwise);

(E) Plaintiff was just as concerned about COVID contraction and his health as individuals who were not black or who were born within the United States; and

(F) After various back-and-forth dialogue where Plaintiff couldn't be given a reasonable justification for the difference in treatment (and in fact was given conflicting reasons), Plaintiff informed his management that he believed he and the African employee were being treated differently, he was being "discriminated against," and he was being singled out "for being a foreigner" and diplomatically protested what he believed to be discriminatory treatment on account of race, ethnicity and origin. **<u>There is simply no question Plaintiff engaged in protected legal complaints</u>**.

17. Shortly after Plaintiff's complaint of discriminatory treatment as outlined above (and there having been no meaningful remedy to his concerns), Plaintiff was involved in the aforesaid MVA.

18. Between the timeframe of Plaintiff's discrimination concerns on account of him being foreign (or in other words, Jamaican) and his MVA, Glanton started questioning Plaintiff's performance pretextually. Glanton became very hostile as a result of Plaintiff's discrimination concerns.

4

19.     Prior to Plaintiff's medical leave and prompt termination, there was no justification to be hostile towards Plaintiff, as: (a) Plaintiff received a very good interim evaluation (pre-complaint of discrimination); and (b) Plaintiff had not been the recipient of any progressive warnings or discipline. At all times, Plaintiff was also a consummate professional.

20.     Plaintiff tried to resume working after his August 22, 2020 MVA to help Defendant because it was what in accounting is commonly referred to as "month end," a very busy timeframe. However, Plaintiff's concussion and other health complications necessitated him to start a medical leave on or about August 26, 2021.

21.     Plaintiff verbally informed Defendant's management of his health problems and need for medical leave, and he provided medical notes that supported his need for a medical leave of absence.

22.     Defendant did not:

(A) engage in any meaningful "interactive process" with Plaintiff about his medical leave needs, job position or anticipated return - - as legally required under state and federal law(s);

(B) make any effort to hold Plaintiff's job position or let him stay employed;

(C) in any manner attempt to accommodate Plaintiff.

23.     Under state and federal law(s), a short or long-term medical leave is a reasonable accommodation.[1] Instead of engaging in an interactive process or even attempting to accommodate Plaintiff, Plaintiff was terminated within a month of commencing his medical leave of absence.

---

[1] The NJ LAD and ADA are interpreted identically with respect to accommodations. *See e.g. Bernhard v. Brown & Brown of Lehigh Valley, Inc*., 720 F.Supp.2d 694 (E.D. PA 2010)(time off from work, even for many months can constitute a reasonable accommodation under the ADA); *Conoshenti v. Public Serv. Elec. & Gas Co*., 364 F.3d 135 (3d Cir. 2004)(federal courts have permitted leave to be a reasonable accommodation under the ADA for extended periods of time); *Shannon v. City of Philadelphia*, WL 1065210 (E.D. Pa. 1999)(time off from work for an extended period of time is a reasonable accommodation under the ADA).

24. It is atrocious that Defendant, an organization founded on helping people with disabilities, raced to terminate Plaintiff in violation of numerous laws mandating an interactive process, accommodations, and because of Plaintiff's actual or perceived health problems.

25. Defendant had many people performing redundant positions in the same role as Plaintiff, and it would have been <u>very easy</u> for Defendant to retain Plaintiff's job for a medical leave accommodation (as Plaintiff was ultimately cleared to resume working but had already been terminated).

26. Had Plaintiff not been terminated, he could have returned within several months (if granted a medical leave as universally provided by most employers who comply with state and federal regulations).

27. Defendant breached regulations of the ADA and NJ LAD by engaging in numerous types of non-accommodation and disability discrimination violations in an effort to engage in retaliation against Plaintiff for his concerns of discrimination shortly before his MVA.

**Count I**
**<u>Violations of Title VII of the Civil Rights Act of 1964 ("Title VII")</u>**
**(Wrongful Termination - Retaliation)**

28. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

29. Plaintiff complained of racial and/or national origin discrimination, and he was terminated "because of" such protected activities.

30. These actions as aforesaid constitute violations of Title VII.

**Count II**
**<u>Violations of 42 U.S.C. § 1981 ("§1981)</u>**
**(Wrongful Termination - Retaliation)**

6

31. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

32. §1981 prohibits discrimination on account of race, ancestry, and ethnicity, as well retaliation for complaints of such discriminatory treatment.

33. Plaintiff complained of racial, ethnic, and ancestral discrimination (all protected under §1981). He was terminated "because of" such protected activities.

34. These actions as aforesaid constitute violations of §1981.

### Count III
### Violations of the New Jersey Law Against Discrimination ("NJ LAD")
**(Wrongful Termination - Retaliation)**

35. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

36. Plaintiff was terminated because of his protected activities for complaining of racial, ethnic, ancestral and/or national origin discrimination as set forth in Counts I and II of this Complaint.

37. Such actions constitute unlawful retaliation under the NJ LAD.

### Count IV
### Violation of the New Jersey Law Against Discrimination (NJ LAD)
**(Wrongful Termination – Non-Accommodation / Discrimination / Retaliation)**

38. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

39. Plaintiff was terminated from Defendant due to: (a) his actual and/or perceived health problems; (b) his record of impairment; (c) not being given a reasonable accommodation of a medical leave; and (d) due to his requested accommodation of a medical leave (which is unlawful retaliation).

40. These actions as aforesaid constitute violations of NJ LAD.

## Count V
## Violation of the Americans with Disabilities Act ("ADA")
**(Wrongful Termination – Non-Accommodation / Discrimination / Retaliation)**

41. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

42. Plaintiff was terminated from Defendant due to: (a) his actual and/or perceived health problems; (b) his record of impairment; (c) not being given a reasonable accommodation of a medical leave; and (d) due to his requested accommodation of a medical leave (which is unlawful retaliation).

43. These actions as aforesaid constitute violations of the ADA

**WHEREFORE**, Plaintiff prays that this Court enter an order providing that:

A. Defendant is be prohibited from continuing to maintain its illegal policy, practice, or custom(s) of discriminating / retaliating against employees based on their disabilities or complaints of discrimination, and is to be ordered to promulgate an effective policy against such discrimination/retaliation/interference and to adhere thereto;

B. Defendant is to compensate Plaintiff, reimburse Plaintiff, and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendant's illegal actions, including but not limited to back pay, front pay, salary, pay increases, bonuses, medical and other benefits, training, promotions, pension, and seniority. Plaintiff should be accorded those benefits illegally withheld from the date she first suffered the aforesaid unlawful actions at the hands of Defendant until the date of verdict;

C. Plaintiff is to be awarded punitive or liquidated damages as permitted by applicable law, in an amount believed by the Court or trier of fact to be appropriate to punish

Defendant for its willful, deliberate, malicious and outrageous conduct, and to deter Defendant or other employers from engaging in such misconduct in the future;

D.  Plaintiff is to be accorded any and all other equitable and legal relief as the Court deems just, proper, and appropriate;

E.  Plaintiff is to be awarded the costs and expenses of this action and reasonable legal fees as provided by applicable federal and state law;

F.  Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages set forth in applicable federal law;

G.  Plaintiff's claims are to receive a trial by jury to the extent allowed by applicable law. Plaintiff has also endorsed this demand on the caption of this Complaint in accordance with Federal Rule of Civil Procedure 38(b).

Respectfully submitted,

**KARPF, KARPF, & CERUTTI, P.C.**

By: _____
Ari R. Karpf
3331 Street Road
Two Greenwood Square, Suite 128
Bensalem, PA 19020
(215) 639-0801

Dated: August 19, 2021